UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK SIMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:09-0535 |
| | ) Judge Trauger/Bryant |
| LT. RONDAI FELTS, et al., | ) **Jury Demand** |
| Defendants. | **)** ) |

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Defendants have filed their Motion To Dismiss For Failure To Prosecute And/Or Failure To Comply With Court Order (Docket Entry No. 22). As grounds for their motion, defendants assert that, beginning as early as August 25, 2009, plaintiff has failed to keep the Court and defendants apprised of his current mailing address, causing mail addressed to him to be returned marked "undeliverable." As a result, according to defendants, they have been effectively rendered unable to communicate with the plaintiff and, therefore, unable to conduct discovery in this case.

Plaintiff has not responded in opposition to defendants' motion to dismiss.

From a review of the record, it appears that multiple mailings to the plaintiff at his address of record have been returned to the Clerk marked "undeliverable - return to sender - attempted not known - unable to forward." (Docket Entry Nos. 20, 21, 31 and 32).

After plaintiff failed to respond to defendants' motion to dismiss, the Court entered an order requiring the plaintiff to

show cause on or before November 30, 2009, why the case should not be dismissed for failure to prosecute and failure to comply with the Court's order requiring the plaintiff to keep the Court informed of his current address (Docket Entry No. 25). This order admonished the plaintiff that his failure to respond may cause the undersigned Magistrate Judge to recommend that his complaint be dismissed. Plaintiff failed to respond to this order. A certified mail receipt card was returned to the Clerk on November 17, 2009, bearing the signature of Patrick Simpson (Docket Entry No. 27). However, when compared to Mr. Simpson's known signature earlier in this record, the signature on this certified mail return receipt card appears to be different (compare Docket Entry No. 6 with Docket Entry No. 27).

After plaintiff failed to respond to defendants' motion to dismiss and failed to respond to the Court's order to show cause, the undersigned Magistrate Judge set an in-court hearing for January 13, 2010. Both copies of the order setting this hearing, addressed to plaintiff Simpson at his record address, were returned as undeliverable (Docket Entry Nos. 31 and 32). In addition, plaintiff Simpson failed to appear at the scheduled hearing on January 13, 2010.

Based upon the foregoing facts, the undersigned Magistrate Judge finds that the defendants' motion to dismiss for failure to prosecute and for failure to obey the Court's order requiring plaintiff to keep the Court informed of his current address should be **GRANTED**.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion to dismiss be GRANTED and that the complaint be **DISMISSED** without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of January, 2010.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

3

Case 3:09-cv-00535   Document 33   Filed 01/15/10   Page 3 of 3 PageID #: 106